IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PREMIER GLOBAL PRODUCTION, INC.<br>Plaintiff,<br><br>v.<br><br>BASIS LIVE, LLC, (An Iowa LLC), BASIS MARKETING, INC. (An Iowa Corporation), DAVE DEWAARD, GARY DEWAARD, AND ANDREW THOMPSON,<br>Defendants. | Case No. 18-710-III<br>JURY DEMAND |

## COMPLAINT

Comes the Plaintiff, Premier Global Production, Inc., by and through counsel, and sues the Defendants, Basis Live, LLC, Basis Marketing, Inc., Dave Dewaard, Gary Dewaard, and Andrew Thompson and for cause would state and show as follows:

## I.
## THE PARTIES

1. The Plaintiff, Premier Global Production, Inc. is a Tennessee corporation with its principal business location at 730 Gallatin Pike North, Madison, TN 37115-2813.

2. The Defendant, Basis Live, LLC, is an Iowa limited liability company. Its principal place of business is 35989 Highway 69, Forest City, IA 50436. Its registered agent is Gary Dewaard, 516 S Clark Street, Forest City, IA 50436.

3. The Defendant, Basis Marketing, Inc. is an Iowa corporation and its principal place of business is 945 West "I" Street, Forest City, IA 50436. Its registered agent is Steven R. Bakke, 150 N Clark Street, Forest City, IA 50436.

1

EXHIBIT A

4. The Defendant, Dave Dewaard, is a resident of Iowa and he submitted to the jurisdiction of Tennessee in a written contract dated July 4, 2017. He has sufficient minimum direct and general contacts with the State of Tennessee to afford Tennessee with personal jurisdiction over him.

5. The Defendant, Gary Dewaard, is a resident of Iowa and he submitted to the jurisdiction of Tennessee by a written contract dated July 4, 2017. He has sufficient minimum direct and general contacts with the State of Tennessee to afford Tennessee with personal jurisdiction over him.

6. The Defendant, Andrew Thompson, is believed to be a resident of Iowa and he has submitted to the jurisdiction of Tennessee by a written contract dated July 4, 2017. He has sufficient minimum direct and general contacts with the State of Tennessee to afford Tennessee with personal jurisdiction over him.

## II.
## VENUE AND JURISDICTION

7. The Plaintiff avers that venue is proper in this Court pursuant to Tenn. Code Ann. §20-4-101 and because the Defendants agreed to this venue and jurisdiction in written contracts.

8. The Plaintiff avers that *in personam* jurisdiction is proper in this Court because the Defendants agreed to this jurisdiction and because the Defendants have submitted to this jurisdiction.

## III.
## THE FACTS

9. The Plaintiff, Premier, avers that it entered into an agreement with Defendant, Basis Live, LLC, on or about February 17, 2017 for staging gear and services for University Park, Pennsylvania for which Basis Live, LLC agreed to pay to Premier $421,700.00.

10. The Plaintiff, Premier, avers that Defendant, Basis Live, LLC, failed to pay it as agreed and promised, thereby breaching their agreement.

11. The Plaintiff, Premier, avers that it then entered into an agreement for the provision of gear and staging for a Blake Shelton stadium show at the United States Air Force Academy at Colorado Springs, Colorado for September 16, 2017 for the amount of $421,700. The Defendants represented that they had at least $145,000 in revenue from this event.

12. The Plaintiff, Premier, avers that it was owed $345,000 from events prior to the event at Penn State. Plaintiff, Premier, expressed concern to the Defendants that it could not provide staging and lighting services at Penn State due to the significant money already owed to it by Basis Live, LLC.

13. The Plaintiff, Premier, avers that in order to induce it to provide its services the Defendants represented to it that it could have the food and beverage proceeds from the event and the Defendants assigned proceeds to the Plaintiff. The Defendants failed to disclose that there would be no proceeds from the food and beverage sales because the Defendants owed Penn State money for rent which made it impossible to pay the Plaintiff. The assignment was a false representation to induce the Plaintiff to proceed with the event. The Plaintiff proceeded with the

3

event and provided the services it promised to provide. The Defendants knew their false representations were false when made.

14. The Plaintiff, Premier, reasonably relied upon the false representations of the Defendants, which occurred on various dates in July 2017 via telephone and via email, to their detriment and received no money from the event despite the assignment of purported proceeds from the sale of concessions. The Plaintiff avers that the Defendants knew that they were assigning nothing of value to the Plaintiff when they made the assignment because they knew there would be no money for the Plaintiff and certainly not $145,000.

15. The Plaintiff, Premier, avers that the Defendants gave one excuse after another about payment form Penn State while the next event was drawing near which was to occur at the United States Air Force Academy at Colorado Springs, Co. Yet again, the Defendants falsely represented to the Plaintiff that it would be paid through the proceeds from the Blake Shelton event in Colorado Springs.

16. The Plaintiff, Premier, avers that the Defendants produced documents showing ticket sales from the Colorado Springs event and falsely represented that they had not been paid the ticket sales proceeds of $162,000, but that once Defendants were paid they would pay Plaintiff, Premier. The truth was that they had been paid the ticket proceeds and the Plaintiff relied upon the false representations and provided the services promised under the parties' agreement. The Defendants knew their false representations were false when made.

17. The Plaintiff, Premier, avers that it reasonably relied upon the false statements of the Defendants to its detriment and it was paid nothing from that event.

4

18. The Plaintiff, Premier, avers that the Defendants collectively engaged in a covin and conspiracy to defraud the Plaintiff and, in fact, did so. The Plaintiff, Premier, avers that it reasonably relied on the verbal and written false statements of the Defendants and lost even more money than it would have had it not provided the staging and lighting services it provided as it had promised.

19. The Plaintiff, Premier, avers that Defendants, Basis Live, LLC and Basis Marketing, Inc. breached the agreement with it on multiple occasions and that it has incurred damages as a direct and proximate result.

## IV.
## COUNT ONE
## BREACH OF CONTRACT

20. The Plaintiff, Premier, relies upon the factual averments in numbered paragraphs 1-19 in support of the following cause of action.

21. The Plaintiff, Premier, avers that Defendants, Basis Live, LLC and Basis Marketing, Inc., have breached the agreement with it by failing to pay as agreed.

22. The Plaintiff, Premier, avers that this constitutes breach of contract.

23. The Plaintiff, Premier, avers that it has sustained significant financial damages as a direct and proximate result.

## V.
## COUNT TWO
## INTENTIONAL MISREPRESENTATION

24. The Plaintiff, Premier, relies upon the factual averments in numbered paragraphs 1-23 in support of the following cause of action.

25. The Plaintiff, Premier, avers that the Defendants collectively engaged in defrauding the Plaintiff in order to obtain its services without paying for them.

5

26. The Plaintiff, Premier, avers that the Defendants falsely represented that there were secured proceeds and funds sufficient to pay the Plaintiff prior to both the Penn State event and the Air Force Academy event as previously pled. The Plaintiff, Premier, avers that it reasonably relied on the false statements of the Defendants to its detriment and it has incurred substantial financial damages as a direct and proximate result.

27. The Plaintiff, Premier, avers that the Defendants knew that their representations were false when made.

## VI.
## COUNT THREE
## PROMISSORY FRAUD

28. The Plaintiff, Premier, relies upon the factual averments in numbered paragraphs 1-27 in support of the following cause of action.

29. The Plaintiff, Premier, avers that the Defendants falsely stated that the Plaintiff would recover the concessions proceeds from the Penn State event while knowing that there would not be any because they could not pay the rent for the event. The Defendants knew that there would be no proceeds for Plaintiff, Premier, when they made the false statements and granted the Plaintiff, Premier, the worthless, false collateral in the food and beverage proceeds.

30. The Plaintiff, Premier, reasonably relied upon the false statements and purported collateral granted to its detriment and it has sustained substantial financial damages as a direct and proximate result.

6

## VII.
## COUNT FOUR
## CIVIL CONSPIRACY

31. The Plaintiff, Premier, relies upon the factual averments in numbered paragraphs 1-30 in support of the following cause of action.

32. The Plaintiff, Premier, avers that the Defendants each worked in unison in a covin and conspiracy to defraud the Plaintiff, Premier, and to obtain services without payment. The Plaintiff, Premier, avers that the Defendants each took steps and committed overt acts to further the conspiracy and to obtain the Plaintiff's services by misrepresenting that there would be proceeds from the concession sales at the Penn State event and that there were sales proceeds available to them from ticket sales to the Blake Shelton event in Colorado Springs. The Plaintiff, Premier, avers that it has sustained significant financial damages as a direct and proximate result.

**THE PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. That the Defendants be served and be required to answer within the time allowed by law;

2. That it be awarded compensatory damages in excess of $700,000 and punitive damages in an amount in excess of $1,000,000.00;

3. That a jury of six (6) be impaneled to hear this matter;

4. That it be awarded its attorney's fees and other costs;

5. That it be awarded pre- and post- judgment interest in the maximum amount available by law;

6. That it be awarded such other, further relief to which it may be entitled.

7

Respectfully submitted,

*[signature]*

G. Kline Preston, IV #17141
Kline Preston Law Group, P.C.
4515 Harding Pike, Suite 107
Nashville, TN 37205
Phone: (615) 279-1619
Fax: (866) 610-9565
kpreston@klineprestonlaw.com

8